IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELMER MENDEZ LEIVA, | |
| Petition, | 4:26CV3023 |
| v. | |
| PETER BERG, Director, United States Immigration and Customs Enforcement St. Paul Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary, United States Department of Homeland Security; DAREN MARGOLIN, Executive Office of Immigration Review; PAMELA BONDI, Attorney General of the United States; DONALD J. TRUMP, President of the United States; WARDEN OF MCCOOK DETENTION FACILITY, in their official capacities, | MEMORANDUM AND ORDER |
| Respondents. | |

Petitioner Elmer Mendez Leiva ("Mendez Leiva") arrived in the United States in 2021 from Mexico (Filing No. 9). He was arrested by Immigration and Customs Enforcement ("ICE") on January 2, 2026, after a traffic stop. According to Mendez Leiva, ICE gave him "no stated reason" for his arrest. On January 20, 2026, an immigration judge denied Mendez Leiva's bond request stating they lacked jurisdiction to grant bond. Mendez Leiva remains detained at the McCook Detention Center in McCook, Nebraska.[1]

He then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Filing No. 1) naming Peter Berg, Director of United States Immigration and Customs Enforcement ("ICE") St. Paul Field Office; Todd M. Lyons, Acting Director of ICE; Kristi

---

[1] The facts in Mendez-Leiva's petition are sparse. He does not specify how he arrived, whether he was lawfully admitted, or why he is charged as removeable.

Noem, Secretary of the United States Department of Homeland Security ("DHS"); Daren Margolin, Executive Office of Immigration Review; Pamela Bondi, Attorney General of the United States; and Donald Trump, President of the United States, in their official capacities (together, the "federal respondents"). Mendez Leiva later amended his petition (Filing No. 9) to name his immediate physical custodian, the "Warden of McCook Detention Facility" (the "warden"). He primarily seeks release from custody pending his removal proceedings, or in the alternative, a discretionary bond hearing under 8 U.S.C. § 1226(a).

The habeas statute provides that the Court "shall forthwith award the writ" or order respondents to "show cause why the writ should not be granted unless it appears from the application that [Mendez Leiva] is not entitled" to relief. 28 U.S.C. § 2243. The show-cause order must be "directed to the person having custody of [Mendez Leiva]" and it must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Mendez Leiva's] detention." *Id.*

With so few facts to go on, the Court cannot say from the face of Mendez Leiva's petition that he is not entitled to relief. *See id.* Accordingly, the Court will order Mendez Leiva to serve his petition and a copy of this Memorandum and Order on his immediate physical custodian—the warden. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that "in habeas challenges to present physical confinement," "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); *id.* at 434 (explaining that "there is generally only one proper respondent" in a habeas petition). The immediate-physical-custodian rule does not change merely because this petition occurs in the immigration context. *See id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical

custody does not arise out of a criminal conviction."). Naming a legal custodian "only comes into play when there is no immediate physical custodian." *Id.*

Here, Mendez Leiva challenges his present physical custody. Applying the physical-custodian rule to his allegations, the warden appears to be the proper respondent because he has immediate physical custody of Mendez Leiva, "not the Attorney General or some other remote supervisory official." *Id.* at 435.

Upon notice, the warden shall "certify[] the true cause of the detention." 28 U.S.C. § 2243. After Mendez Leiva files any reply, the Court will determine whether to hold a hearing on the matter.

Given the complex statutory and constitutional issues ostensibly raised by the petition, and Mendez Leiva's need to serve the warden, the Court finds there is good cause for setting a briefing schedule that allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243. The Court also finds that the important federal questions warrant notice to the United States Attorney for the District of Nebraska to represent the federal respondents' interests in this matter. Accordingly,

IT IS ORDERED:
1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorney Christopher L. Ferretti and Assistant United States Attorney Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.
2. Petitioner Elmer Mendez Leiva shall serve his amended petition for writ of habeas corpus (Filing No. 9) and a copy of this Memorandum and Order on the Warden of the McCook Detention Facility and file proof of such service with the Court.
3. The warden shall show cause why the petition should not be granted within three business days after being served.
4. Mendez Leiva shall have three business days from the date of the response to file a reply.
5. The Court will then determine whether to hold a hearing on this matter.

Dated this 13th day of February 2026.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge